UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY S. WILKINS, : | |
|           Petitioner, : | |
| : | No. 20-cr-00134 |
| v. : | No. 23-cv-01860 |
| : | |
| UNITED STATES OF AMERICA, : | |
|           Respondent. : | |

**O P I N I O N**
Motion to Vacate Sentence, 28 U.S.C. § 2255, ECF No. 64 – Denied

**Joseph F. Leeson, Jr.**                                                                           January 17, 2024
**United States District Judge**

I.      **INTRODUCTION**

Petitioner Timothy S. Wilkins filed a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 challenging his conviction and sentence for (1) possession with intent to distribute a mixture of fentanyl and heroin and (2) possession of a firearm in furtherance of a drug trafficking crime. Generally, he argues that his counsel was ineffective prior to and during the plea process. For the reasons set forth below, Wilkins' counsel was not ineffective; therefore, the Motion to Vacate is denied.

II.     **BACKGROUND**

On March 11, 2020, an Indictment was filed against Wilkins, charging him with three counts: 1) possession with intent to distribute a mixture of fentanyl, heroin, and cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and (b)(1)(C); 2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); and 3) possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). *See* ECF No. 1. The charges arose out of a search warrant executed at Wilkins' residence which yielded

significant quantities of controlled substances and a handgun. *See* Transcript, Change of Plea Hearing at 31, June 16, 2021, (hereinafter "Plea N.T. __"), ECF No. 35. On May 25, 2021, Wilkins agreed to plead guilty on all three counts in the indictment.[1] *See* Guilty Plea Agreement ("GPA"), ECF No. 27. On June 16, 2021, this Court held a change of plea hearing during which Wilkins entered a plea of guilty. *See* Plea N.T. 31:1-15. At the hearing, the Court conducted a comprehensive colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure which developed the following relevant testimony.

The Court, after colloquing Wilkins on the elements of the offenses, asked the Government to summarize the facts it could prove at trial. The facts placed on the record included, *inter alia*, that a search warrant executed on Wilkins' residence yielded a bag containing cocaine in the living room closet, bags of pills in the kitchen, a metal press used to process drugs, over $13,000 in U.S. currency in one of the bedrooms, and stashed inside of a hidden compartment in the tv stand in another bedroom were digital scales, a handgun, and several bags containing heroin, crack cocaine, and fentanyl. *Id*. at 26:1-28:2. A search of Wilkins' person incident to arrest yielded cellular phones and knotted bags containing drugs. *Id*. at 28:5-12. The drug haul seized from Wilkins' home totaled 991 grams of fentanyl and heroin as well as 51 grams of cocaine. *Id.* at 28:16-24. After the factual basis of the charges were summarized, the Court continued the colloquy:

> THE COURT: Mr. Wilkins, did the government lawyer correctly summarize the facts as they apply to you?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And do you fully admit to all those facts?

---

[1] On August 30, 2021, the Court granted the Government's motion to dismiss Count 3 of the Indictment. *See* ECF No. 34.

> THE DEFENDANT: Yes, sir.
>
> THE COURT: Is it now your wish to formally enter a plea of guilty to the charges against you?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Are you pleading guilty because you admit that you are actually guilty of the charges against you?
>
> THE DEFENDANT: Yes, sir.

*Id.* at 30:5-14. The Court also asked a series of questions to determine the knowingness and voluntariness of the guilty plea. Regarding the GPA, the Court, showing Wilkins the signature page of the GPA, inquired:

> THE COURT: Is that your signature?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And it's in your handwriting?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: All right, let's turn to the acknowledgment of rights. Is that the original of your signature?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: In your handwriting?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Okay, thank you. And did you voluntarily sign the guilty plea agreement and the acknowledgment of rights?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And did you read and discuss the plea agreement with your lawyer before you signed it?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And do you understand the terms of the plea agreement?

| | |
|---|---|
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | And does the plea agreement represent in its entirety any understanding you have with the government? |

. . .

| | |
|---|---|
| THE DEFENDANT: | Yes, sir. |

*Id.* at 9:2-10:5.  The Court then asked the Government to summarize the terms of the guilty plea.

Consistent with the GPA, that summary included the following:

| | |
|---|---|
| MS. FALLENSTEIN: | [T]he plea agreement being entered to is pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and the recommended sentence for disposition pursuant to this plea agreement is 147 months of imprisonment, five years of supervised release, a fine at the discretion of Your Honor, and a $300 special assessment. The parties' guilty plea agreement contains no additional promises or understandings other than those that I have outlined for you |

. . . .

| | |
|---|---|
| THE COURT: | All right. Thank you. Mr. Wilkins, did the government lawyer correctly and completely summarize the terms of the plea agreement as you understand them? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | And did you fully understand that summary? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | And do you agree to all those terms and conditions? |
| THE DEFENDANT: | Yes, sir. |

. . .

| | |
|---|---|
| THE COURT: | Mr. Wilkins, other than those terms and conditions contained in your written guilty plea agreement, did anyone promise or offer you anything to get you to plead guilty? |
| THE DEFENDANT: | No, sir. |

> THE COURT:       Has anyone threatened you to plead guilty or to accept the plea agreement?
>
> THE DEFENDANT:  No, sir.
>
> THE COURT:       Are you pleading guilty voluntarily and of your own free will because you are guilty?
>
> THE DEFENDANT:  Yes, sir.

Plea N.T. 11:2-13:16. Finally, this Court notes the following excerpt from the colloquy:

> THE COURT:       Do you feel you've had enough time to consult with your lawyer?
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:       Are you fully satisfied with the counsel, representation, and advice given to you in this case by your lawyer?
>
> THE DEFENDANT:  Yes, sir.

*Id*. at 6:22-7:3. At the conclusion of the colloquy, the Court determined that Wilkins was "fully alert, competent, and capable of entering an informed plea," that his guilty plea was both "knowing and voluntary" and "supported by an independent basis in fact containing each of the essential elements of the offenses to which the defendant pleaded guilty," and accepted the plea of guilty. *Id*. at 31:16-23.

On November 9, 2021, the Court accepted the parties' recommendation and sentenced Wilkins to 147 months imprisonment, five years of supervised release, a special assessment fee of $200, and a fine of $500. *See* ECF No. 39; *see also* GPA ¶ 5. This sentence was below the Guidelines range of 160 to 185 months imprisonment. *See* Transcript, Sentencing at 6, Nov. 9, 2021, (hereinafter "Sent. N.T. __"), ECF No. 46. At the sentencing hearing, Wilkins again stated that he was satisfied with counsel's representation. *Id.* at 5:9-11. On August 12, 2022, Wilkins filed a direct appeal with the Third Circuit Court of Appeals, *see* ECF No. 51, which was

subsequently voluntarily dismissed on April 4, 2023. *See* ECF No. 63. While the appeal was pending, Wilkins filed a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. *See* ECF No. 56. That motion was dismissed without prejudice and with leave to refile after the appeals process was complete. *See* ECF No. 61.

On May 16, 2023, Wilkins filed the instant Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255, arguing: 1) ineffective assistance of counsel for failing to challenge the Government's indictment; 2) ineffective assistance of counsel for misrepresenting the sentencing consequences of his plea; 3) ineffective assistance of counsel for failing to require the Court to establish an adequate factual basis that his plea was knowing, voluntary and intelligent; and 4) ineffective assistance of counsel for failing to require the Court to admit a sentencing enhancement at a clear and convincing standard as opposed to a preponderance of the evidence standard. *See* Mot., ECF No. 64.[2] The Government filed a response to the motion. *See* Resp., ECF No. 68. The matter is fully briefed and ready for disposition. For the reasons that follow, the Motion to Vacate is denied.

### III. LEGAL STANDARDS

**A.** **Motion to Vacate under 28 U.S.C. § 2255 – Review of Applicable Law**

Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal defendants can challenge their convictions or sentences that are allegedly in violation of the Constitution or laws of the United States or are otherwise subject to collateral attack. *Davis v. United States*, 417 U.S. 333, 343 (1974); *O'Kereke v. United States*, 307 F.3d 117, 122-23 (3d Cir. 2002). Section 2255 "states four grounds upon which such relief may be claimed: (1) 'that the sentence was imposed in violation of the Constitution or laws of the United States;' (2) 'that

---

[2] The same arguments were raised in the first Motion to Vacate. *See* ECF No. 61.

the court was without jurisdiction to impose such sentence;' (3) 'that the sentence was in excess of the maximum authorized by law;' and (4) that the sentence 'is otherwise subject to collateral attack.'" *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (quoting 28 U.S.C. § 2255(a)).

"A district court must 'accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record.'" *Johnson v. United States*, 294 F. App'x 709, 710 (3d Cir. 2008) (quoting *United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005) (citations omitted)). But, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *Thomas*, 221 F.3d at 437.

Section 2255 provides that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon. . . ." 28 U.S.C. § 2255(b). This involves a two-step inquiry. First, "the district court must consider[] as true all appellant's nonfrivolous factual claims. Second, it must determine whether, on the existing record, those claims that are nonfrivolous conclusively fail to show ineffective assistance of counsel." *United States v. Arrington*, 13 F.4th 331, 334 (3d Cir. 2021) (internal quotations and citations omitted). To evaluate claims under this second step, the court considers both elements of the *Strickland* test. *See id.* "[I]f a nonfrivolous claim does not *conclusively* fail either prong of the *Strickland* test, then a hearing must be held." *Id.*

B.      **Ineffective Assistance of Counsel – Review of Applicable Law**

To establish counsel's ineffectiveness, a petitioner must show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) the performance was prejudicial to the defense. *Strickland v. Washington*, 466 U.S. 668 (1984). There is a strong presumption that counsel is effective and the courts, guarding against the temptation to engage in hindsight, must be "highly deferential" to counsel's reasonable strategic decisions. *Id.* at 689 (explaining that

courts should not second-guess counsel's assistance"); *Marshall v. Hendricks*, 307 F.3d 36, 85 (3d Cir. 2002). "*Strickland* does not guarantee perfect representation, only a reasonably competent attorney." *Harrington v. Richter*, 562 U.S. 86, 110 (2011) (internal quotations omitted). The court must consider the totality of the evidence, and the burden is on the petitioner. *Strickland*, 466 U.S. at 687, 695.

"A habeas petitioner challenging the voluntary nature of his or her guilty plea faces a heavy burden." *Zilich v. Reid*, 36 F.3d 317, 320 (3d Cir. 1994). To satisfy the "prejudice" element in guilty plea cases, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The Court may consider information provided in the plea agreement and statements during the oral colloquy as evidence that a guilty plea was both knowing and voluntary. *See Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984) ("It is also well settled that plea agreements are consistent with the requirements of voluntariness and intelligence -- because each side may obtain advantages when a guilty plea is exchanged for sentencing concessions, the agreement is no less voluntary than any other bargained-for exchange."). Further, "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (holding that "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings"); *Zilich*, 36 F.3d at 320 ("It can hardly be gainsaid that declarations made under oath ought not to be lightly cast aside.").

## IV. ANALYSIS

### A. Ineffective Counsel Claim: Failure to Challenge the Indictment

The Court begins with Wilkins' argument that his counsel was ineffective for failing to challenge the Government's indictment. While the argument is phrased as a failure to challenge the indictment, it actually argues that counsel was ineffective for failing to file a motion to suppress. Wilkins cites several cases for the proposition that counsel may be ineffective for failing to challenge Fourth Amendment violations. *See e.g. Northrop v. Trippett*, 265 F.3d 372 (6th Cir. 2001).

While Wilkins' motion offers little in the way of facts or legal argument, his traverse gives some shape to his theory. There, Wilkins states the following: "I feel the search warrant was falsified, because the date was altered and also it only had heroin on it. They found other things and charged me with it. The search warrant has to be specific and particular." Reply at 1, ECF No. 71. From these statements, the Court gathers that Wilkins believes that had his counsel challenged the Government's search warrant, the resulting evidence would have been suppressed and the charges would have been dropped or reduced for lack of admissible evidence.

At the outset, the argument fails because Wilkins knowingly and voluntarily waived his right to raise pretrial issues. *See* Plea N.T. 22:1-7. Moreover, these statements lack a factual and legal basis. First, Wilkins' statement that the search warrant was falsified is a conclusory statement without any facts to support it. Second, the Government could charge Wilkins with the 'other things' found because "law enforcement officers may seize evidence in plain view, provided that they have not violated the Fourth Amendment in arriving at the spot from which the observation of the evidence is made." *Kentucky v. King*, 563 U.S. 452, 462–63 (2011). Since Wilkins' theory of suppression would have failed, he cannot demonstrate prejudice from

his counsel's failure to seek suppression. *See Osarhieme Obayagbona v. United States*, No. 15-388, 2016 U.S. Dist. LEXIS 127924, at *8 (D.N.J. Sep. 19, 2016) (holding that because counsel's attempts to suppress would have proven fruitless, the petitioner had not demonstrated prejudice to support his ineffective assistance claim).

      B.      **Ineffectiveness of Counsel: Guilty Plea**

Wilkins alleges that he was promised a concurrent sentence by his counsel which would have totaled eighty-seven months. However, he instead received a consecutive sentence totaling 147 months. Thus, Wilkins argues that had he known[3] the consequences of the plea, he would more likely than not have proceeded to trial.

However, Wilkins was indeed aware of the consecutive 147-month sentence. In the GPA, the parties expressly agreed that a sentence of 147 months was appropriate. *See* GPA ¶ 5. The GPA was signed by Wilkins who acknowledged his signature to the Court at the change of plea hearing and stated that he had read and understood the agreement and its terms. *See id*. at 12; *see also* Plea N.T. at 9:12-22. As discussed above, the trial court conducted a thorough Rule 11 colloquy with Wilkins and found that his guilty plea and waiver of rights was knowingly and voluntarily entered. Plea N.T. 31:16-22. Of note, during the colloquy, Wilkins assured the Court, under oath, that he fully understood the Government's summary of the plea agreement's terms and conditions including the explicitly stated sentence of 147 months of imprisonment. *Id.* at 11:2-13:16. Further, he stated that there existed no other promises or offers than those terms and conditions outlined in the guilty plea agreement. *Id.* Since Wilkins was aware of the

---

[3]     At times, Wilkins uses the terms knowingly and voluntarily interchangeably. However, the crux of his claim is that he was misinformed of the consequences of his plea and that if he *knew* of its true nature, he would not have agreed. Thus, it appears his argument is limited to knowledge.

consecutive 147-month sentence, his claim for ineffectiveness of counsel related to his guilty plea fails. *See United States v. Evans*, No. CR 18-219, 2023 WL 3627848, at *2 (E.D. Pa. May 23, 2023) ("[E]rroneous sentencing information allegedly provided by counsel can be corrected by a plea colloquy that accurately stated the criminal defendant's potential sentence.").

      C.      **Ineffectiveness of Counsel: Failure to Require the Court to Establish an Adequate Factual Basis for the Plea**

While Wilkins' third argument is phrased as a failure to establish an adequate factual basis, he does not argue that the Court failed to determine that there was an adequate factual basis for the underlying offenses.[4] Instead, Wilkins argues that his counsel was ineffective for failing to require the court to create an adequate factual basis as to "whether the plea was voluntary, intelligent, and knowing, because if Wilkins understood the true and correct consequences of the plea, (count two consecutive to count one, dismissing count three), he would more likely than not, proceed to trial." Mot. at 12. Thus, Wilkins' argument is, in effect, that his counsel was ineffective for failing to ensure the Court had a basis for finding his plea was knowing.

However, this claim is again contrary to the record which entailed a complete Rule 11 colloquy. At two separate times during the colloquy, Wilkins stated that he knew and understood the terms of the GPA. Plea N.T. at 9:20-10:5, 12:12-19. Again, Wilkins acknowledged that there existed no promises or offers other than those terms or conditions outlined in the guilty plea. *Id.* at 13:5-9. On that basis, the Court found that Wilkins was "fully alert, competent, and capable of entering an informed plea," and that his plea was "knowing[ly] and voluntar[ily]" entered. *Id.* at 31:16-19. For that reason, Wilkins' claim fails. *See United*

---

[4]     It did. *See* Plea N.T. 31:16-21.

*States v. Byrd*, No. 92-3893, 1992 U.S. Dist. LEXIS 10556, at *2-4 (E.D. Pa. July 17, 1992) (denying the habeas petition, which alleged that the guilty plea was not knowing and voluntary, because the habeas claims were "in direct contravention with the statements he gave under oath in the . . . change of plea proceeding" at which time he "acknowledged that he had freely signed the written plea agreement and denied that anyone had forced him to sign it," and also acknowledged that "he understood the rights he was giving up by pleading guilty").

### D.     Ineffectiveness of Counsel: Sentencing

Finally, Wilkins argues that his counsel was ineffective for allowing the Government to introduce a sentencing enhancement at the preponderance of the evidence standard, rather than the clear and convincing standard. Wilkins does not identify the "enhancement" in his Motion to Vacate, but states in his Traverse that Count 2 charging possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) should have been dropped because the gun was found inside the television stand, not easily available for use because he was arrested outside the residence. To the extent Wilkins refers to the two-level enhancement permitted by USSG § 2D1.1(b)(1) for a defendant's possession of a firearm in furtherance of drug trafficking activity, this claim fails because no enhancement was applied in light of the consecutive statutory sentence of his 18 U.S.C. § 924(c)(1)(A) conviction. Thus, Wilkins could not have suffered any prejudice by counsel's failure to challenge an enhancement that was not applied.

To the extent Wilkins suggests that counsel was ineffective for not moving to dismiss Count 2 as not applying to the facts of his case or for not challenging his plea to Count 2 or that the plea was insufficient, the claim fails because the facts support this charge. The facts show that in the television stand inside Wilkins' residence police recovered not only a handgun but

also two digital scales, multiple bags of fentanyl, multiple bags of heroin, and a bag of crack cocaine.  *See* N.T. 27:6 – 28:2.  The gun was therefore strategically placed for use during or in furtherance of drug distribution.  These facts were read into the record at the change of plea hearing and admitted to by Wilkins.  *See* N.T. 30:5-11.  Counsel cannot be ineffective for failing to raise a meritless argument.  Further, after conducting a thorough Rule 11 colloquy, this Court correctly found that Wilkins guilty plea to this Count was both "knowing and voluntary" and "supported by an independent basis in fact containing each of the essential elements of the offenses to which the defendant pleaded guilty."  *See* N.T. 31:16-23.

For all these reasons, the § 2255 Motion to Vacate is denied.

E. **There is No Basis for the Issuance of a Certificate of Appealability.**

"Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), a 'circuit justice or judge' may issue a COA [certificate of appealability] only if the petitioner 'has made a substantial showing of the denial of a constitutional right.'"  *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)).  "Where a district court has rejected the constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. For the reasons set forth herein, Wilkins has not shown that the Court's decision is debatable or wrong. *See Davies v. Tennis*, No. 09-3461, 2010 U.S. Dist. LEXIS 61449, at *19 (E.D. Pa. Apr.

28, 2010) (refusing to issue a certificate of appealability where the petitioner's habeas claim that his guilty plea resulted from the ineffectiveness of counsel lacked merit).

## V. CONCLUSION

For the reasons set forth herein, the Court concludes that there was no ineffectiveness of counsel surrounding the decision not to file a motion to suppress or surrounding the plea proceedings. The Motion to Vacate is denied. There is no basis for the issuance of a certificate of appealability.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge